UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HAROLD MYERS, JR.**

**VERSUS**

**UNITED PROPERTY & CASUALTY INSURANCE COMPANY**

**CIVIL ACTION**

**NO. 22-359-JWD-SDJ**

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 3, 2024.

 

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HAROLD MYERS, JR.**

**VERSUS**

**UNITED PROPERTY & CASUALTY INSURANCE COMPANY**

**CIVIL ACTION**

**NO. 22-359-JWD-SDJ**

## MAGISTRATE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Leave to File Supplemental and Amending Complaint (R. Doc. 22). The deadline to file an opposition has expired without response; accordingly, the motion is unopposed.

**I.   Background**

On April 25, 2022, Plaintiff filed a Petition for Damages in the 21st Judicial District Court for the Parish of Livingston, Louisiana, naming as Defendant United Property & Casualty Insurance Company. (R. Doc. 1-2 at 3). Plaintiff seeks recovery under a homeowner's policy related to an estimation of damage caused by Hurricane Ida. On June 2, 2022, Defendant removed the action to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a citizen of Louisiana, and Defendant is a citizen of Florida. (R. Doc. 1 at 4).

On February 27, 2023, UPC's insolvency was declared by the Second Judicial Circuit Court for Leon County, Florida, in a Consent Order Appointing the Florida Department of

Financial Services as Receiver of Southern Fidelity Insurance Company for Purposes of Liquidation, Injunction, and Notice of Automatic Stay.[1] (R. Doc. 17 at 1; R. Doc. 17-3).

On March 6, 2023, UPC filed in this action a Consent Motion to Enforce Stay and Notice of Liquidation and Statutory Stay. (R. Doc. 17). Through this motion, UPC asserted that it had been declared insolvent and placed into liquidation and sought an "automatic statutory stay of all claims against UPC and any party which it is obligated to defend as provided by La. R.S. 22:2068(A)." (R. Doc. 17 at 1). The referenced provision of the Louisiana Insurance Guaranty Law, La. R.S. 22:2051, et seq., provides that "[a]ll proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for six months and such additional time as may be determined by the court from the date the insolvency is determined to permit proper defense by the association of all pending causes of action." La. R.S. 22:2068(A). The district judge ordered a stay of the action for six months, or until August 28, 2023, pursuant to La. R.S. 22:2068(A). (R. Doc. 18).

Plaintiff filed the instant Motion on October 24, 2023, immediately after the Court granted his Motion to Reopen the Case (R. Doc. 19; Granted at R. Doc. 20). Plaintiff alleges that, because of UPC's insolvency, the Louisiana Insurance Guaranty Association is now a necessary defendant. (R. Doc. 22 at 2). In his proposed Amended Complaint, Plaintiff asserts that "LIGA is liable for all damages arising out of this loss to the limits of [the homeowner's insurance policy's] coverage. Plaintiff desires to make LIGA a party to the proceeding, in addition to [UPC]." (R. Doc. 22-1 at 2). No opposition was filed.

Plaintiff's proposed pleading asserts that LIGA is "a private unincorporated legal entity domiciled in the Parish of Eash Baton Rouge, State of Louisiana, which has been created in

---

[1] Though the title of the Order names Southern Fidelity, it also covers UPC. (R. Doc. 17 at 2).

accordance with La. R.S. 22:2056." (R. Doc. 22-1 at 2). The proposed pleading does not address whether the addition of LIGA destroys diversity jurisdiction. But for the reasons discussed below, the Court finds it appropriate to grant the instant Motion for Leave to File Supplemental and Amending Complaint and to remand the action to the 21st Judicial District Court for lack of subject matter jurisdiction.

II.     Law and Analysis

   A.     LIGA is a Non-Diverse Defendant

There can be no dispute that LIGA is a non-diverse defendant. As a private, unincorporated legal entity, "LIGA has the citizenship for diversity purposes of each of its constituent member insurers." *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)).

Louisiana federal district courts have recently remanded similar actions in which the plaintiffs named LIGA as an additional defendant in light of insurers' insolvency, specifically concluding that LIGA is a citizen of Louisiana for the purposes of diversity jurisdiction. *See Cormier v. S. Fid. Ins. Co.*, No. 21-03634, 2023 WL 3516207, at *1 (W.D. La. May 2, 2023) ("As recognized by federal district courts throughout Louisiana with varying results, LIGA's member insurers undoubtedly include Louisiana citizens for diversity purposes, bestowing upon LIGA Louisiana citizenship for jurisdictional purposes.") (citing cases), *report and recommendation adopted*, 2023 WL 3510918 (W.D. La. May 17, 2023); *Brunet v. S. Fid. Ins. Co.*, No. 21-2308, 2023 WL 4541114, at *4 (E.D. La. July 14, 2023) ("While Plaintiff has not identified any of the constituent members of LIGA, in a separate matter that was previously before this Court, counsel for LIGA acknowledged during a telephone status conference . . . that, "LIGA is a Louisiana citizen because one or more of its constituent insurer members is a citizen of Louisiana."); *Soza v. S. Fid.*

*Ins. Co.*, No. 22-1400, 2023 WL 2770125, at *3 (E.D. La. Apr. 4, 2023) (same); *Keiffer v. S. Fid. Ins. Co.*, No. 22-863, 2023 WL 157631 (E.D. La. Jan 11, 2023) (granting unopposed motion to remand after plaintiff amended the complaint to name LIGA as a defendant in the action, which destroyed complete diversity); *see also Derouen v. Anco Insulations, Inc.*, No. 21-215, 2021 WL 4450238 (M.D. La. Aug. 27, 2021) (remanding action because of the presence of non-diverse defendants in the action, including LIGA), *report and recommendation adopted*, 2021 WL 4444721 (M.D. La. Sept. 28, 2021).

Because LIGA is a non-diverse defendant, its joinder as a defendant in this action would require remand for lack of complete diversity. *See* 28 U.S.C. § 1332. In light of the foregoing, the Court discusses below whether post-removal amendment should be allowed under 28 U.S.C. § 1447(e).

### B.    Amendment of the Pleadings to Name a Non-Diverse Defendant

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the

opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, when an amendment seeks to add a nondiverse party that would destroy diversity jurisdiction, 28 U.S.C. § 1447(e) directs district courts to either "deny joinder, or permit joinder and remand the action to the State court." In *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987),[2] the Fifth Circuit instructed district courts "faced with an amended pleading naming a new nondiverse defendant in a removed case" to "scrutinize that amendment more closely than an ordinary amendment," while considering several factors outlined by the Court—*i.e.* 'the *Hensgens* factors.' *Id.* at 1182. The *Hensgens* factors require a balancing of the parties' competing interests while determining whether: (1) the amendment's purpose is to defeat federal jurisdiction; (2) the plaintiff was diligent in amending the complaint; and (3) the plaintiff will be significantly injured if the amendment is denied. *Hensgens*, 833 F.2d at 1182. Courts should also consider "any other factors bearing on the equities." *Id.*

Here, the *Hensgens* factors weigh in favor of allowing amendment to name LIGA as a non-diverse defendant. First, the purpose of the amendment is to name a proper defendant, not to destroy federal diversity jurisdiction.[3] Because UPC is an "insolvent insurer" under La. R.S. 22:2055(7), LIGA is UPC's statutory successor in interest pursuant to the Louisiana Insurance Guaranty Law, rendering LIGA an appropriate additional defendant in this action. *See Brunet*,

---

[2] Section 1447(e) was enacted after the Fifth Circuit's decision in *Hensgens*. Nonetheless, the Fifth Circuit has continuously advised that a trial court considering joinder under § 1447(e) should "temper[ ] its discretion with the standard established by *Hensgens*. . . ." *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *see also Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (noting *Hensgens* is the "correct legal standard" for court to apply in determining whether to exercise its discretion under § 1447(e) to permit joinder of non-diverse party after removal).

[3] Plaintiffs' motion does not specifically seek remand.

2023 WL 4541114, at *3; *see also Cormier*, 2023 WL 3516207, at *2 ("Pursuant to La. R.S. 22:2058(A), Plaintiffs' suit against a now-insolvent insurer [SFIC] is construed as asserting a claim for which LIGA may be statutorily liable, subject to limitations found in La. R.S. 22:2008."). Furthermore, given that UPC only entered into receivership after removal of this action, Plaintiff "neither knew nor should have known of LIGA's involvement in this litigation" at the initiation of this action in state court. *See Brunet*, 2023 WL 4541114, at *3; *Soza*, 2023 WL 2770125, at *4. Given the foregoing, it is proper to conclude that "Plaintiffs' motion to amend was prompted by the post-filing insolvency of its insurer and was not undertaken for the purpose of defeating diversity jurisdiction." *Cormier*, 2023 WL 3516207, at *2.

The second *Hensgens* factor weighs in favor of allowing amendment, as Plaintiff requested that the Court reopen the case and filed the instant motion within two months of the expiration of the automatic stay. (R. Docs. 19, 22). And finally, the third *Hensgens* factor also weighs in favor of allowing amendment. The denial of Plaintiff's motion would result in significant prejudice to Plaintiff if he is are "not allowed to name LIGA as a defendant since [he] can no longer seek recovery" from UPC. *Brunet*, 2023 WL 4541114, at *4; *Soza*, 2023 WL 2770125, at *5. Moreover, the Court finds no substantial reason under the general requirements of Rule 15(a)(2) to deny amendment to name LIGA as an additional defendant.

And so the Court concludes that it is proper to allow amendment to name the non-diverse defendant LIGA as a defendant, which will destroy subject matter jurisdiction and require remand of the action to state court. *See* 28 U.S.C. § 1447(e); 28 U.S.C. § 1332.

## III.   Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Supplemental and Amending Complaint (R. Doc. 22) is **GRANTED,** and the Clerk of Court shall file the Amending and Supplemental Complaint (R. Doc. 22-1) into the record.

**ADDITIONALLY, IT IS RECOMMENDED** that this action be **REMANDED** to the 21st Judicial District Court, Livingston Parish, Louisiana, for lack of subject matter jurisdiction in light of the addition of the non-diverse Defendant LIGA.

Signed in Baton Rouge, Louisiana, on October 3, 2024.

*[Signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**